United States District Court
Southern District of Texas

**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **NORWIN RUIZ CRUZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-03631** |
| | § | |
| **MARKWAYNE MULLIN,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Norwin Ruiz Cruz's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 6). After considering the briefing and applicable law, the Court hereby **GRANTS** Petitioner's Petition for Writ of Habeas Corpus.  Respondents' Motion for Summary Judgment is **DENIED**.

Per Respondents, Petitioner, a citizen of Nicaragua, has lived in the United States since November 30, 2021. He has been in ICE detention since August 25, 2025. An Immigration Judge ordered Petition removed to Honduras on October 31, 2025. ECF No. 6-2, Exh. 2. Petitioner did not appeal, and his removal order became administratively final on November 30, 2025.

The Immigration and Nationality Act ("INA") typically allows the United States Government ninety days to remove a noncitizen following a final order of removal. 8 U.S.C. § 1231(a)(1). Continued detention after a final removal order is presumptively reasonable for six months; after six months, continued confinement raises constitutional concerns. *See Zadvydas v. Davis*, 533 U.S. 678, 690, 701 (2001). In this case, the ninety-day removal period set forth in 8 U.S.C. § 1231(a)(1)(A) expired on February 28, 2026. Petitioner has now been in post-final removal

1 / 3

order detention for 184 days, or over six months. He has been detained for 281 days in total during the current period of detention.

Respondents report that Petitioner is subject to the Asylum Cooperative Agreement ("ACA") whereby Nicaraguan nationals will be accepted by Honduras. Petitioner is currently on the ACA flight list, but Honduras accepts only 10 ACA cases per month, according to Respondents. On May 18, this Court ordered Respondents to acquire necessary travel documents and schedule Petitioner's removal flight by May 29, 2026. Respondents' status update reflects that no progress has been made toward effectuating Petitioner's removal. At most, Respondents are "actively working to scheduled [sic] Petitioner for a flight to Honduras." ECF 10 at 1.

Therefore, Respondents have not overcome the presumption that post-removal order detention in excess of six months is unreasonable; there is no evidence that Petitioner's removal is likely to occur in the foreseeable future. Petitioner's due process rights under *Zadvydas* have been violated, and the appropriate remedy is release.

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours**, pursuant to an Order of Supervision.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4.  Respondents shall not re-detain Petitioner under 8 C.F.R. § 241.13(i)(2)-(3) unless and until Respondents have scheduled Petitioner for a removal flight.

5.  Respondents shall update the Court on the status of Petitioner's release on or before June 5, 2026.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on June 2, 2026.

Keith P. Ellison
United States District Judge